UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
SEP 1 4 2004
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

ERIC BLACK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 04 CV 71795 DT

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## REPORT AND RECOMMENDATION

On April 5, 2004, plaintiff filed a small claims complaint against the Social Security Commissioner in the 36th District Court for the State of Michigan. The Commissioner removed the case to the United States District Court for the Eastern District of Michigan on May 12, 2004. The matter comes before the Court on the Commissioner's Motion to Dismiss. Plaintiff did not file a response to the Commissioner's motion.

Plaintiff alleged the following in his complaint: "I say that I'm not responsible for the over payment. I had over $2000,00 [sic] in may bank account and they said that I couldn't have it. But I didn't know this because I couldn't read the letters or anything else that they say they sent to me." He also stated in his complaint that the claim arose on March 5, 2004, and that he was seeking recovery of $400.

The government states in its brief that a review of Social Security records indicates that an ALJ issued a decision on October 27, 2003, finding that plaintiff was overpaid benefits in the amount of $21,967.50, that plaintiff was at fault in causing or accepting the overpayment, and that recovery of the overpayment had not been waived. The records further showed that the Appeals Council denied plaintiff's request for review on March 5, 2004, thus rendering the ALJ's decision the final determination of the Commissioner.

The allegations of the complaint are plainly insufficient to meet the pleading requirements of Fed. R. Civ. P. 8(a). While a party is not required under Rule 8 to set out his claim in detail in his complaint, he must set forth sufficient facts to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Though the Commissioner has apparently obtained information regarding the administrative proceedings, plaintiff's complaint contains no allegations from which the Commissioner could reasonably ascertain the nature of the claim or the grounds upon which it rests. Accordingly, dismissal is warranted for plaintiff's failure to comply with Rule 8.

In addition to the above, dismissal is warranted on the ground that plaintiff has failed to comply with the time limitation of 42 U.S.C. § 405(g) in seeking review of the Commissioner's decision. Section 405(g) states the following:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within 60 days after the mailing to him of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial

> district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

According to the information provided by the government, the decision of the ALJ became final on March 5, 2004, when the Appeals Council denied plaintiff's request for review. Well over 60 days have passed since the date of the Appeals Council's decision. By failing to bring an action for judicial review in the United States District Court for the Eastern District of Michigan within 60 days of his receipt of the Appeals Council's notice of decision, plaintiff has waived his right to seek review of the Commissioner's decision.[1] Plaintiff's filing of an action in the 36th District Court within the requisite 60 days is not grounds for tolling of the time limitation in light of the fact that he was clearly notified in the Appeals Council's notice of decision that if he wished to seek review of the Commissioner's decision, he was required to file suit in federal court within 60 days of his receipt of the notice. Accordingly, plaintiff's claim is time-barred under § 405(g).

For the reasons stated above, the Court recommends that the Commissioner's motion to dismiss be **GRANTED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

---

[1] There is nothing in the record showing that plaintiff filed a request with the Appeals Council for an extension of time to file an action for review of the Commissioner's decision.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: SEP 14 2004