# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION



ERIC BLACK,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 04-71795
Hon. Gerald E. Rosen
Magistrate Judge Virginia M. Morgan

## OPINION AND ORDER ADOPTING IN PART
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    **FEB 1 0 2006**

PRESENT: Honorable Gerald E. Rosen
               United States District Judge

On September 14, 2004, Magistrate Judge Virginia M. Morgan issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion to dismiss. The R & R cites two grounds for this recommended disposition: (i) that the allegations of the complaint filed by Plaintiff Eric Black do not satisfy the dictates of Fed. R. Civ. P. 8(a), and (ii) that Plaintiff failed to timely comply with the statutory requirements for seeking judicial review of the adverse administrative decision reached by the Defendant Commissioner. Plaintiff filed objections to the R & R on September 23, 2004. Having reviewed the R & R, Plaintiff's

objections, Defendant's underlying motion to dismiss, and the remainder of the record, the Court concurs in the Magistrate Judge's conclusion that dismissal is warranted in light of Plaintiff's failure to comply with Rule 8(a).

As recounted in the R & R, Plaintiff commenced this case by filing a small claims complaint against the Defendant Commissioner in a Michigan district court, and Defendant subsequently removed the case to this Court. Plaintiff's complaint sheds little light on the nature of or factual basis for his claims against the Defendant Commissioner, stating only that he is "not responsible for the over payment," and that he was not aware of an apparent prohibition against accumulating more than $2,000.00 in his bank account.

A review of the administrative record produced by Defendant provides additional clues as to the nature of Plaintiff's claims in this case. Specifically, in an October 27, 2003 decision, an Administrative Law Judge ("ALJ") determined that Plaintiff had been overpaid nearly $22,000 in Supplemental Security Income ("SSI") benefits, and that he was not eligible for a waiver of the obligation to repay these excess benefits. Plaintiff pursued an administrative appeal of the ALJ's decision, but the Appeals Council denied his request for review on March 5, 2004.

In accordance with the notice issued by the Appeals Council, Plaintiff commenced a civil action on April 5, 2004, within the 60-day time period set forth in the Appeals Council's notice and mandated under 42 U.S.C. § 405(g). Unfortunately, Plaintiff failed to heed the statutory command — which also was expressly stated in the Appeals

Council's notice — that he bring this action "in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). Instead, Plaintiff commenced this suit in a Michigan district court through the filing of a small claims complaint. Defendant then removed the case to this Court on May 12, 2004, and subsequently sought dismissal on the grounds (i) that Plaintiff failed to properly serve the Defendant Commissioner, (ii) that he did not timely and properly seek judicial review in accordance with the statutory requirements set forth at 42 U.S.C. § 405(g), and (iii) that Plaintiff's complaint failed to set forth a short and plain statement of the grounds for his claims, as required under Fed. R. Civ. P. 8(a). As noted, the Magistrate Judge's R & R recommends dismissal on the latter two of these three grounds.

The Court agrees that the complaint fails to satisfy the dictates of Rule 8(a), and thus need not address any other possible grounds for dismissal.[1] At one level, of course, Plaintiff's claim for relief is stated with sufficient clarity, at least in light of the administrative record produced by Defendant — Plaintiff obviously does not agree with the Defendant Commissioner's determination that he must repay an excess award of SSI benefits. Yet, Plaintiff's complaint fails to identify, or even suggest, any possible ground

---

[1] Specifically, the Court need not decide whether the timely commencement of a civil suit in the wrong court is sufficient to satisfy the statutory dictates of 42 U.S.C. § 405(g), or whether, alternatively, such a filing might trigger the doctrine of equitable tolling, such that the subsequent removal of the case to the proper federal forum should be deemed to excuse a modest transgression of the 60-day period of limitation. Neither Defendant's motion nor the Court's own research has identified a case that squarely addresses this issue under circumstances similar to those presented here. Accordingly, the Court is hesitant to enter this jurisprudential void, where Plaintiff's complaint is subject to dismissal on another ground.

for setting aside this administrative decision, beyond his bare disagreement with it.

Moreover, Plaintiff has failed to take any action to rectify, or even address, this deficiency in his initial pleading, despite at least two opportunities to do so. First, the Magistrate Judge invited Plaintiff to file a response to Defendant's motion to dismiss, but he failed to do so. Next, Plaintiff's submission in response to the R & R does not advance any substantive objections to the Magistrate Judge's analysis or the underlying administrative decision, but merely states his view that the administrative and judicial processes are slanted against Social Security claimants. As a result of this chosen course of action, then, Defendant's motion to dismiss stands unopposed, and the Magistrate Judge's R & R stands essentially without objection.

More importantly, this Court is left, at the end of the day, with absolutely no basis, whether in Plaintiff's pleadings or elsewhere in the record, for questioning the validity of the challenged administrative decision. To the contrary, the ALJ's decision appears on its face to rest upon a wholly permissible evaluation of the evidence and assessment of Plaintiff's demeanor and credibility as a witness. Under these circumstances, this Court concurs in the Magistrate Judge's conclusion that Plaintiff's complaint fails to satisfy the modest pleading requirements of Fed. R. Civ. P. 8(a).

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's September 14, 2004 Report and Recommendation is ADOPTED IN PART, as

supplemented by the rulings in this Opinion and Order.  IT IS FURTHER ORDERED that Defendant's motion to dismiss is GRANTED.

                                                  Gerald E. Rosen
                                                  United States District Judge